**COLT B. DODRILL, ESQ.**
Nevada Bar No. 9000
**YANXIONG LI, ESQ.**
Nevada Bar No. 12807
**WOLFE & WYMAN LLP**
**980 Kelly Johnson Drive, Ste 140**
**Las Vegas, NV 89119**
**Tel: (602) 953-0100**
**Fax: (602) 953-0101**
cbdodrill@wolfewyman.com

**Attorneys for Plaintiff**
**GREEN TREE SERVICING LLC**

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GREEN TREE SERVICING LLC, | CASE NO.: 2:15-cv-00590-RFB-GWF |
| Plaintiff, | **STIPULATION AND ORDER TO FILE FIRST AMENDED COMPLAINT FOR QUIET TITLE** |
| v. | |
| NV EAGLES, LLC; SHADOW SPRINGS COMMUNITY ASSOCIATION; DOES 1 through 10, inclusive; ROES Business Entities 1 through 10, inclusive; and all others who claim interest in the subject property located at 6137 Talbot Springs Court, North Las Vegas, Nevada 89018, | |
| Defendants. | |
| NV EAGLES, LLC, | |
| Counterclaimant, | |
| v. | |
| GREEN TREE SERVICING LLC, | |
| Counterdefendant. | |
| SHADOW SPRINGS COMMUNITY ASSOCIATION, a Nevada Non-Profit Corporation, | |
| Third-Party Plaintiff, | |
| v. | |
| RED ROCK FINANCIAL SERVICES, LLC, a foreign limited liability company, | |
| Third-Party Defendants. | |

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1

2026292.1

## STIPULATION

It is hereby stipulated and agreed by and between GREEN TREE SERVICING LLC, NV EAGLES, LLC, LLC, SHADOW SPRINGS COMMUNITY ASSOCIATION, and RED ROCK FINANCIAL SERVICES LLC (collectively as the "Parties"), by and through their respective counsels of record, that GREEN TREE SERVICING LLC may file the First Amended Complaint attached to this Stipulation as Exhibit "1."

The Parties are stipulating in the interest of judicial economy and this Stipulation shall not be construed to prejudice any claims or defenses asserted by the Parties in this action.

IT IS SO STIPULATED.

DATED this 11th day of June, 2015.       DATED this 11th day of June, 2015.


By:/s/ Colt B. Dodrill_____.       By:/s/ John H. Wright_____.
    Colt B. Dodrill, Esq.                         John H. Wright, Esq.
    Nevada Bar No. 9000                           Nevada Bar No. 6182
    Yanxiong Li, Esq.                             THE WRIGHT LAW GROUP, PC
    Nevada Bar No. 12807                          2340 Paseo Del Prado, Suite D-305
    WOLFE WYMAN, LLP                              Las Vegas, NV 89102
    980 Kelly Johnson Drive, Suite 140            Attorneys for Defendant/ Counterclaimant,
    Las Vegas, NV 89119                           NV EAGLES, LLC
    Attorneys for Plaintiff,
    GREEN TREE SERVICING, LLC

2026292.1

1    DATED this 11th day of June, 2015.

2

3

4    By:/s/ James W. Pengilly                    .
          James W. Pengilly, Esq.
5         Nevada Bar No. 6085
          Elizabeth B. Lowell, Esq.
6         Nevada Bar No. 8551
          PENGILLY LAW FIRM
7         1995 Village Center Cir., Suite 190
          Las Vegas, NV 89134
8         Attorneys for Defendant/ Third-party
          Plaintiff,
9         SHADOW SPRINGS COMMUNITY
          ASSOCIATION
10

11

12

13                           **ORDER**

14   IT IS SO ORDERED.

15

16                                        _____

17   Dated:  _____July 13_____, 2015      RICHARD F. BOULWARE, II
                                          United States District Judge
18

19

20

21

22

23

24

25

26

27

28

2026292.1

# EXHIBIT "1"

# EXHIBIT "1"

1  **COLT B. DODRILL, ESQ.**
   **Nevada Bar No. 9000**
2  **WOLFE & WYMAN LLP**
   **980 Kelly Johnson Drive, Ste 140**
3  **Las Vegas, NEVADA  89119**
   **Tel: (602) 953-0100**
4  **Fax: (602) 953-0101**
   **cbdodrill@wolfewyman.com**
5
   **Attorneys for Plaintiff**
6  **GREEN TREE SERVICING LLC**

7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10

11  GREEN TREE SERVICING LLC,                    CASE NO.: 2:15-cv-00590-RFB-GWF

                  Plaintiff,
12                                               **FIRST AMENDED COMPLAINT FOR**
          v.                                     **QUIET TITLE**
13  NV EAGLES, LLC; SHADOW SPRINGS
    COMMUNITY ASSOCIATION; DOES 1 through
14  10, inclusive; ROES Business Entities 1 through
    10, inclusive; and all others who claim interest in
15  the subject property located at 6137 Talbot Springs
    Court, North Las Vegas, Nevada 89018,
16
                  Defendants.
17
    _____
18  SHADOW SPRINGS COMMUNITY
    ASSOCIATION, a Nevada Non-Profit Corporation,
19
                  Third-Party Plaintiff,
20
          v.
21  RED ROCK FINANCIAL SERVICES, LLC, a
    foreign limited liability company,
22
                  Third-Party Defendant.
23  _____
    NV EAGLES, LLC,
24
                  Counterclaimant,
25        v.

26  GREEN TREE SERVICING LLC,

27                Counterdefendant.
    _____
28

2008793.1

GREEN TREE SERVICING LLC ("Green Tree"), by and through its counsel of record, Wolfe & Wyman LLP, hereby complains against Defendants as follows:

## STATEMENT OF JURISDICTION

1.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this claim challenges the constitutionality of Nevada's HOA foreclosure statutes.

2.      This Court also has original subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this claim is between diverse Defendants and the amount in controversy exceeds $75,000.00.

3.      This matter involves certain real estate located at 6137 Talbot Springs Court, North Las Vegas, NEVADA 89081 ("Subject Property") and falls under the jurisdiction of this Court.

## PARTIES

4.      Plaintiff, Green Tree is a limited liability company organized under the laws of Delaware and a principal place of business in Minnesota.

5.      Defendant, NV EAGLES, LLC ("NV Eagles") is a limited liability corporation organized under the laws of Nevada with its principal place of business in Nevada.  Upon information and belief, no members of NV Eagles are citizens of the state of Delaware.

6.      Defendant, SHADOW SPRINGS COMMUNITY ASSOCIATION ("HOA") is a Nevada non-profit corporation with its principal place of business in Nevada.

7.      RED ROCK FINANCIAL SERVICES ("Red Rock") is the foreclosure agent of the HOA.  All actions and statements of Red Rock alleged herein were for the benefit of the HOA and were made in the course and scope of that agency.

8.      Green Tree is unaware of the true names and capacities, whether corporate, individual, associate, or otherwise of the other Defendants, and therefore sues those Defendants by fictitious names DOE or ROE BUSINESS ENTITY.  When Green Tree ascertains the identities and exact nature of such fictitious Defendants, it will seek leave of this Court to amend this Complaint to assert the true names thereupon.

## FACTUAL ALLEGATIONS

9.      This action centers around the parties' rights in that certain real property commonly

2

2008793.1

described as 6137 Talbot Springs Court, North Las Vegas, NV 89081; APN 124-25-615-051 (the

"Subject Property").  The Subject Property is legally described as follows:

> LOT 499 OF SHADOW SPRINGS – UNIT 5, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 113 OF PLATS, PAGE 90, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

10.    Green Tree is informed and believes and thereon alleges that the Subject Property

falls within the Covenants, Conditions, and Restrictions of the Shadow Springs Community

Association.

*__Green Tree's Interest in the Property__*

11.    Green Tree is informed and believes and thereon alleges that at all times relevant to

this action, James H. Urello was title owner of record of the Subject Property.

12.    In 2004, the Subject Property was conveyed to James Urello.  A Grant, Bargain, Sale

Deed evidencing the conveyance was recorded[1] on or about November 12, 2004 as Book and

Instrument 20041112-0001616.  A true and correct copy of the Grant, Bargain, Sale Deed is attached

as Exhibit 1.

13.    Green Tree is informed and believes and thereon alleges that on or about November

4, 2004, James H. Urello entered into a mortgage loan transaction ("Subject Loan") in which he

borrowed $224,300.00 from KB Home Mortgage Company ("KB Home"), evidenced by a Note and

secured by the Subject Deed of Trust encumbering the Subject Property recorded in the official

records of the Clark County Recorder on November 12, 2004 as Instrument Number 20041112-

0001617.   A true and correct copy of the Subject Deed of Trust is attached as Exhibit 2.

14.    Green Tree is informed and believes and thereon alleges that on or about November

22, 2006, James H. Urello obtained a second loan from Countrywide Home Loans, Inc., secured by a

Deed of Trust encumbering the Subject Property recorded in the official records of the Clark County

Recorder on November 22, 2006 as Instrument Number 20061122-0002601.

15.    On or about May 20, 2010, a Corporation Assignment of Deed of Trust was recorded

as Book and Instrument Number 20100520003715 whereby Mortgage Electronic Registration

---

[1] Unless stated otherwise, all recorded documents referred to herein were recorded in the official records of the Clark County Recorder.

1    Systems, Inc., as nominee, assigned the Subject Deed of Trust to BAC Home Loans Servicing, LP

2    FKA Countrywide Home Loans Servicing, LP.  A true and correct copy of the Corporation

3    Assignment of Deed of Trust is attached as Exhibit 3.

4        16.    On or about February 16, 2012, an Assignment of Deed of Trust was recorded as

5    Book and Instrument Number 201202160000280 whereby Mortgage Electronic Registration

6    Systems, Inc., as nominee, assigned the Subject Deed of Trust to Bank of America, N.A., Successor

7    by Merger to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing, LP.  A

8    true and correct copy of the Assignment of Deed of Trust is attached as Exhibit 4.

9        17.    On or about September 06, 2013, an Assignment of Deed of Trust was recorded as

10   Book and Instrument Number 201309060000055 whereby Bank of America, N.A. assigned the

11   Subject Deed of Trust to EverBank.  A true and correct copy of the Assignment of Deed of Trust is

12   attached as Exhibit 5.

13       18.    On May 1, 2014, Green Tree began servicing the loan.

14       19.    On or about November 26, 2014, an Assignment of Deed of Trust was recorded as

15   Book and Instrument Number 20141126-0003642 whereby EverBank assigned the Subject Deed of

16   Trust to Green Tree Servicing LLC.  A true and correct copy of the Assignment of Deed of Trust is

17   attached as Exhibit 6.

18       20.    Green Tree is the current beneficiary of the Subject Deed of Trust, holder of the note,

19   and servicer of the Subject Loan.

20   ***The HOA Foreclosure and NV Eagles's Alleged Acquisition of the Property***

21       21.    The Property is subject to a Declaration of Covenants, Conditions & Restrictions of

22   the HOA (the "CC&Rs").  The CC&Rs were recorded on or about June 17, 2003, as Book and

23   Instrument Number 20090505-0001555.  A true and correct copy of the CC&Rs is attached as

24   Exhibit 7.

25       22.    The CC&Rs contained a Mortgagee Protection Clause stating that foreclosure under a

26   delinquent HOA assessment lien would not extinguish a first mortgage such as the subject Deed of

27   Trust herein.

28       23.    On or about May 05, 2009, Red Rock recorded a Lien for Delinquent Assessment as

4

1   Book and Instrument Number 20090505-0001555.  A true and correct copy of the Lien for

2   Delinquent Assessment is attached as Exhibit 8.

3        24.   The Notice of Delinquent Assessment Lien referred to in the above paragraph recites

4   that "The amount owing as of the date of preparation of this lien is **$750.12. [sic]"

5        25.   On or about June 18, 2009, Red Rock recorded a Notice of Default and Election to

6   Sell Pursuant to the Lien for Delinquent Assessments as Book and Instrument Number 20090618-

7   0003428.  A true and correct copy of the Notice of Default and Election to Sell Pursuant to the Lien

8   for Delinquent Assessments is attached as Exhibit 9.

9        26.   On or about October 04, 2011, Red Rock sent a letter to Countrywide Bank, N.A., the

10   predecessor owner of the loan, on behalf of the HOA.  In the letter, Red Rock recites that the current

11   homeowner was delinquent in paying their HOA assessments, and that Red Rock had recorded a

12   Lien for Delinquent Assessments and a Notice of Default and Election to Sell Pursuant to the Lien

13   for Delinquent Assessments.  A true and correct copy of the October 04, 2011 letter is attached as

14   Exhibit 10.

15        27.   The October 04, 2011 letter from Red Rock further recites that "the Association's lien

16   for Delinquent Assessments is Junior only to the Senior Lender/Mortgage Holder.  This Lien may

17   affect your position."

18        28.   On or about May 5, 2012, the HOA's lien expired pursuant to NRS 116.3116(6).

19        29.   On or about May 06, 2013, Red Rock recorded a Notice of Foreclosure Sale as Book

20   and Instrument Number 201305060001653.  A true and correct copy of the Notice of Foreclosure

21   Sale is attached as Exhibit 11.

22        30.   The Notice of Foreclosure Sale identified in the above paragraph stated that the

23   amount owed as of May 01, 2013 was $6,245.94, "which includes the total amount of the unpaid

24   balance and reasonably estimated costs, expenses and advances at the time of the initial publication

25   of this notice."

26        31.   None of the aforementioned notices identified above identified what portion of the

27   claimed lien were for alleged late fees, interest, fines/violations, or collection fees/costs.

28        32.   None of the aforementioned notices identified above specified what portion of the

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

w&w

5

1  lien, if any, that the HOA claimed constituted a "super-priority" lien.

2       33.    None of the aforementioned notices identified above specified whether the HOA was

3  foreclosing on the "super-priority" portion of its lien, if any, or under the non-super-priority portion

4  of the lien.

5       34.    None of the aforementioned notices identified above provide any notice of a right to

6  cure.

7       35.    On or about July 03, 2013, a Foreclosure Deed was recorded as Book and Instrument

8  Number 201307030002521 reciting that Underwood Partners LLC ("Underwood") had prevailed at

9  an HOA lien foreclosure sale conducted on May 30, 2013.  The deed indicates a sale price of

10  $21,000.00.  A true and correct copy of the deed is attached as Exhibit 12.

11       36.    On or about October 18, 2013, a Grant, Bargain, Sale Deed was recorded as Book and

12  Instrument Number 201310180001149, reciting that Underwood Partners, LLC conveyed the

13  Subject Property to NV Eagles for the consideration of $10.00.   A true and correct copy of the

14  Grant, Bargain, Sale Deed is attached as Exhibit 13.

15       37.    Upon information and belief, the HOA and its foreclosure agents did not comply with

16  all mailing and noticing requirements stated in N.R.S. 116.31162 through N.R.S. 116.31168.

17       38.    Upon information and belief, the HOA assessment lien and foreclosure notices

18  included improper fees and costs in the amount demanded.

19       39.    The HOA Sale violated Green Tree's rights to due process because its predecessors in

20  interest were not given proper, adequate notice and the opportunity to cure the deficiency or default

21  in the payment of the HOA's assessments.

22       40.    The HOA Sale was an invalid sale and could not have extinguished Green Tree's

23  secured interest because of defects in the notices given, if any, to Green Tree's predecessors in

24  interest.

25       41.    The HOA Sale was an invalid sale pursuant to NRS 116.3116(6) because proceedings

26  to enforce the lien were not instituted within three years of the assessments becoming due.  The

27  Notice of Default and Election to Sell Pursuant to the Lien for Delinquent Assessments was recorded

28  on June 18, 2009.  However, the Notice of Foreclosure Sale was not recorded until May 06, 2013,

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

W&W

2008793.1

1    and the foreclosure sale did not occur until May 30, 2013.

2       42.     Without providing Green Tree's predecessors in interest with notice of the correct

3   super-priority amount and a reasonable opportunity to satisfy that amount, including its failure to

4   identify the super-priority amount and its failure to adequately describe the deficiency in payment as

5   required by Nevada law, the HOA's foreclosure sale is commercially unreasonable and deprives

6   Green Tree of its right to due process.

7       43.     Extinguishment of the Deed of Trust would deprive Green Tree of its right to due

8   process because the HOA included amounts in its super-priority lien, such as fines, late fees, interest,

9   dues, and costs of collection that are not allowed to be included in its super-priority lien, if any,

10   under Nevada law.

11       44.     Extinguishment of the Deed of Trust would deprive Green Tree of its right to due

12   process because Red Rock and/or the HOA failed to describe the deficiency in payment as required

13   by Nevada law and failed to give Green Tree's predecessors in interest, any reasonable opportunity

14   to satisfy the super-priority lien, if any.

15       45.     The HOA assessment lien and foreclosure notices included costs of collection and

16   fees that are not permissible under N.R.S. 116.3102 et seq.

17       46.     The HOA Sale did not comply with N.R.S. 116.3102 et seq.

18       47.     Upon information and belief, at the time of the HOA Sale, the amount owed on the

19   Subject Loan exceeded $280,000.00.

20       48.     Upon information and belief, at the time of the HOA Sale, the fair market value of the

21   Property exceeded $177,000.00.

22       49.     The amount paid by Underwood at the HOA Sale, upon information and belief, was

23   approximately $21,000.00.

24       50.     The sale price at the HOA Sale is not commercially reasonable when compared to the

25   debt owed to Green Tree on the Subject Loan and the fair market value of the Property.

26       51.     The HOA Sale was invalid because it was not commercially reasonable.

27       52.     The HOA Sale by which Underwood and NV Eagles took their interest was

28   commercially unreasonable if it extinguished Green Tree's Deed of Trust.

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

53.     The sales price to Underwood and NV Eagles, when compared to the outstanding balance of Green Tree's Note and Deed of Trust and the fair market value of the Property, demonstrates that the HOA Sale was not commercially reasonable or conducted in good faith.

54.     The HOA Sale is commercially unreasonable because the HOA and/or Red Rock failed to describe the deficiency in payment as required by Nevada law and failed to give Green Tree any reasonable opportunity to satisfy the super-priority lien.

55.     The HOA Sale was an invalid sale and could not have extinguished Green Tree's secured interest because it was not a commercially reasonable sale.

56.     Because the CC&Rs contained a Mortgagee Protection Clause, and Green Tree's predecessors in interest were not given proper notice that the HOA intended to foreclose on the super-priority portion of the dues owing, Green Tree's predecessors in interest were not on notice that they had to attend the HOA Sale to protect the Deed of Trust.

57.     Because the CC&Rs contained a Mortgagee Protection Clause, and because proper notice that the HOA intended to foreclose on the super-priority portion of the dues owing was not given, prospective bidders, including Green Tree's predecessors in interest, did not appear for the HOA Sale, making the HOA Sale commercially unreasonable.

58.     Underwood, NV Eagles and the HOA knew that Green Tree's predecessors in interest would rely on the Mortgagee Protection Clause contained in the recorded CC&Rs, and knew that lienholders and prospective purchasers would not know that the HOA was foreclosing on super-priority amounts because of the failure of the HOA and Red Rocks' failure to provide such notice. The absence of Green Tree's predecessors in interest the HOA Sale allowed Underwood to appear at the HOA Sale without competition and purchase the Property for a fraction of its market value, making the HOA Sale commercially unreasonable.

59.     Underwood, NV Eagles, and the HOA knew that prospective bidders would be less likely to attend the HOA Sale because the public at large believed that Green Tree's predecessors in interest were protected under the Mortgagee Protection Clause in the CC&Rs of public record, and that the public at large did not receive notice, constructive or actual, that the HOA was foreclosing on a super-priority portion of its lien because the HOA and Red Rocks improperly failed to provide

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW
W&W

8

1  such notice. The general public's belief therefore was that a buyer at the HOA Sale would take title

2  to the Property subject to the Subject Deed of Trust.  This general belief resulted in the absence of

3  prospective bidders at the HOA Sale, which allowed Underwood to appear at the HOA Sale and

4  purchase the Property for a fraction of market value, making the HOA Sale commercially

5  unreasonable.

6      60.    The circumstances of the HOA Sale of the Property breached the HOA's obligation

7  of good faith under N.R.S. 116.1113 and their duty to act in a commercially reasonable manner.

8      61.    Green Tree is informed and believes that Underwood and NV Eagles are professional

9  property purchasers.

10     62.    The circumstances of the HOA Sale of the Property and Underwood and NV Eagles'

11  status as professional property purchasers prevent Underwood and NV Eagles from being deemed a

12  bona fide purchaser for value.

13                       **FIRST CAUSE OF ACTION**

14                       **(Quiet Title versus NV Eagles)**

15     63.    Green Tree incorporates by reference the allegations of all previous paragraphs, as if

16  fully set forth herein.

17     64.    Pursuant to 28 U.S.C. § 2201 and N.R.S. 40.010, this Court has the power and

18  authority to declare Green Tree's rights and interests in the Property and to resolve the parties'

19  adverse claims in the Property.

20     65.    NV Eagles claims an interest in the Property through a Foreclosure Deed recorded in

21  the Clark County Recorder's Office as Book and Instrument Number 201307030002521, and a

22  subsequent Grant, Bargain, Sale Deed, which are adverse to Green Tree's interest.

23     66.    The HOA Sale could not have extinguished Green Tree's secured interest for the

24  reasons set forth above in the Factual Allegations.

25     67.    Green Tree's Deed of Trust is a first secured interest on the Property as intended by

26  N.R.S. 116.3116(2)(b).

27     68.    As the current beneficiary under the Subject Deed of Trust and owner of the Note

28  relating to the Subject Loan, Green Tree retained its first position status in the chain of title for the

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

w&w

1    Property after the HOA Sale.

2        69.    Based on the adverse claims being asserted by the parties, the parties are entitled to a

3    judicial determination regarding the rights and interests of the respective parties to the case.

4        70.    Green Tree is entitled to a determination from this Court, pursuant to 28 U.S.C.

5    § 2201 and N.R.S. 40.010, that Green Tree is the beneficiary of a first position Deed of Trust which

6    still encumbers the Property.

7        71.    Green Tree is entitled to a determination from this Court, pursuant to 28 U.S.C.

8    § 2201 and N.R.S. 40.010, that Green Tree's secured interest by virtue of its Deed of Trust is

9    superior to the interest, if any, acquired by NV Eagles through the Foreclosure Deed.

10                          **SECOND CAUSE OF ACTION**

11                      **(Declaratory Relief versus all Defendants)**

12        72.    Green Tree incorporates by reference the allegations of all previous paragraphs, as if

13   fully set forth herein.

14        73.    Pursuant to 28 U.S.C. § 2201, this Court has the power and authority to declare Green

15   Tree's rights and interests in the Property and to resolve the parties' adverse claims in the Property.

16        74.    The Subject Deed of Trust is a first secured interest on the Property whose priority is

17   protected by N.R.S. 116.3116(2)(b).

18        75.    As the current beneficiary under the Deed of Trust and owner of the Loan, Green

19   Tree's interest in the Property retained its first position status in the chain of title after the HOA Sale.

20        76.    NV Eagles claims an interest in the Property through a Foreclosure Deed recorded in

21   the Clark County Recorder's Office as Book and Instrument Number 201307030002521, and a

22   subsequent Grant, Bargain, Sale Deed, which are adverse to Green Tree's interest.

23        77.    Green Tree is entitled to a judicial determination regarding the rights and interests of

24   the respective parties to the case.

25        78.    Green Tree is entitled to a determination from this Court, pursuant to 28 U.S.C.

26   § 2201, that its secured interest by virtue of its Deed of Trust is superior to the interest, if any,

27   acquired by NV Eagles through the Foreclosure Deed, or held or claimed by any other party.

28        79.    Green Tree is entitled to a declaration that the HOA Sale conducted by the HOA did

WOLFE & WYMAN LLP
ATTORNEYS & COUNSELORS AT LAW

1    not affect or extinguish Green Tree's rights, status, legal relations and interest in the Property.

2        80.    In the alternative, Green Tree is entitled to a determination from this Court that the

3    HOA Sale was not a valid sale and conveyed no legitimate interest to NV Eagles.

4        81.    Green Tree has been required to retain counsel to prosecute this action and is entitled

5    to recover reasonable attorney's fees to prosecute this action.

6                                **THIRD CAUSE OF ACTION**

7                        **(Negligent Misrepresentation versus the HOA)**

8        82.    Green Tree incorporates by reference the allegations of all previous paragraphs, as if

9    fully set forth herein.

10        83.    On or about October 04, 2011, Red Rock, on behalf of the HOA, sent a letter to

11   Countrywide Bank, N.A., the predecessor beneficiary of the loan.  In the letter, Red Rock recites that

12   the current homeowner was delinquent in paying their HOA assessments, and that Red Rock had

13   recorded a Lien for Delinquent Assessments and a Notice of Default and Election to Sell Pursuant to

14   the Lien for Delinquent Assessments.  A true and correct copy of the October 04, 2011 letter is

15   attached as Exhibit 10.

16        84.    The October 04, 2011 Red Rock letter further recites that "the Association's lien for

17   Delinquent Assessments is Junior only to the Senior Lender/Mortgage Holder.  This Lien may affect

18   your position."

19        85.    This October 04, 2011 Red Rock letter was sent in the course of Red Rock and the

20   HOA's business, profession or employment.

21        86.    This October 04, 2011 letter supplies false information for the guidance of Green

22   Tree's predecessors in interest, including but not limited to Countrywide Bank, N.A., Mortgage

23   Electronic Registration Systems, Inc., Bank of America, N.A., and/or EverBank, in that it

24   specifically states that the Association's lien for delinquent Assessments is Junior to the Senior

25   Lender/Mortgage Holder (i.e., Subject Deed of Trust), yet the grantee parties under the Foreclosure

26   Deed have subsequently taken the position that the Association's lien for Delinquent Assessment

27   was senior to the Subject Deed of Trust.

28        87.    Green Tree's predecessors in interest relied on the HOA's misrepresentations by not

                                            11

appearing at the HOA sale or bidding on the Subject Property at the sale, due to the HOA's misrepresentations that the Association's misrepresentations that its lien was junior to the Subject Deed of Trust.

88.     Green Tree's predecessors in interest relied on the HOA's misrepresentations by refraining from taking actions to preserve Green Tree's interest in the Subject Property.

89.     Green Tree's predecessors in interest were justified in relying on the October 04, 2011 letter, in that the HOA expressly stated that its lien was junior to the Senior Lender/Mortgage Holder (the Subject Deed of Trust).  Green Tree's predecessors in interest had no reason to believe that the HOA would take the position that its lien was senior to the Subject Deed of Trust, because the letter was sent on behalf of the HOA.

90.     Green Tree, as successor in interest to the note and Deed of Trust, and servicer of the loan, has standing to raise these claims.

91.     Red Rock and the HOA failed to exercise reasonable care or competence in obtaining and communicating the information contained in the October 04, 2011 letter when it sent the letter.

92.     Green Tree has been damaged by the HOA's misrepresentations in an amount to be proven at trial, but not less than $75,000.00.

93.     Green Tree has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

**FOURTH CAUSE OF ACTION**

**(Unconstitutional Statute - all Defendants)**

94.     Green Tree incorporates by reference the allegations of all previous paragraphs, as if fully set forth herein.

95.     This Court has the duty and jurisdiction to declare unconstitutional any law that violates a protected right.

96.     Nevada's HOA foreclosure statutes violate the Due Process Clauses of the Nevada and United States Constitutions because the opt-in notice provisions do not mandate that reasonable and affirmative steps be taken to give actual notice to lenders and other holders of recorded security interests prior to a deprivation of their property rights.

12

2008793.1

97.     Because the Statutes do not require the foreclosing party to take reasonable steps to ensure that actual notice is provided to interested parties who are reasonably ascertainable (unless the interested party first requests notice) they do not comport with long standing principles of constitutional due process.

98.     As a direct and proximate result of the above, Nevada's HOA foreclosure statutes are facially unconstitutional in violation of the Due Process Clauses of both the United States and Nevada Constitutions and should be stricken.

99.     Green Tree is entitled to a determination from this Court that because the HOA Sale proceeded under an unconstitutional statute, it was not a valid sale, conveyed no legitimate interest to NV Eagles, and did not extinguish Green Tree's Deed of Trust.

100.    Green Tree has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

Wherefore, Plaintiff Green Tree Servicing LLC prays for relief as follows:

1.      For a judgment determining that Nevada's HOA foreclosure statutes are stricken as unconstitutional;

2.      For a declaration and determination that the HOA Sale was invalid and conveyed no legitimate interest to NV Eagles;

3.      For a judgment quieting title and declaring that Green Tree's Deed of Trust continues to encumber the Property;

4.      For a declaration and determination that Green Tree's interest is secured against the Subject Property, and that Green Tree's first Deed of Trust was not extinguished by the HOA Sale;

5.      For a declaration and determination that Green Tree's interest is superior to the interest of NV Eagles and all other parties;

6.      For a preliminary injunction that NV Eagles, its successors, assigns, and agents are prohibited from conducting any sale, transfer or encumbrance of the Property that is claimed to be superior to Green Tree's Deed of Trust or not subject to that Deed of Trust;

7.      For a preliminary injunction that NV Eagles be required to pay all taxes, insurance and homeowner's association dues and segregate and deposit with the Court or a Court-approved

1  trust account over which NV Eagles has no control during the pendency of this action;

2       8.     If it is determined that Green Tree's Deed of Trust has been extinguished by the HOA

3  Sale, for special damages in the amount equal to the fair market value of the Property or the unpaid

4  balance of the Subject Loan, plus interest, at the time of the HOA Sale, whichever is greater;

5       9.     For general and special damages;

6       10.    For costs incurred herein, including post-judgment costs;

7       11.    For attorney's fees; and

8       12.    For any and all further relief deemed appropriate by this Court.

9

10  DATED:  June ___, 2015        WOLFE & WYMAN LLP

11

12       By:/s/ *Colt B. Dodrill*
13        COLT B. DODRILL, ESQ.
      Nevada Bar No. 9000
14        980 Kelly Johnson Drive, Ste. 140
      Las Vegas, NEVADA  89119

15

16        Attorneys for Plaintiff,
      GREEN TREE SERVICING LLC

17

18

19

20

21

22

23

24

25

26

27

28

2008793.1