FENNEMORE CRAIG, P.C.
Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert III, Esq. (SBN 11728)
300 E. Second St., Suite 1510
Reno, NV 89501
Tel: (775) 788-2228
lhart@fclaw.com, jtennert@fclaw.com

(*Pro Hac Vice to be Submitted*)
Howard Cayne
Asim Varma
Michael A.F. Johnson
ARNOLD & PORTER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
Tel: (202) 942-5000
howard.cayne@aporter.com
asim.varma@aporter.com
michael.johnson@aporter.com
*Attorneys for Intervenor-Plaintiff Federal Housing Finance Agency*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| GREEN TREE SERVICING LLC,<br>　　　　Plaintiff,<br>　v.<br>NV EAGLES, LLC; SHADOW SPRINGS COMMUNITY ASSOCIATION,<br>　　　　Defendants. | CASE NO.: 2:15-cv-00590-RFB-GWF<br><br>**MOTION TO INTERVENE BY THE FEDERAL HOUSING FINANCE AGENCY** |
| SHADOW SPRINGS COMMUNITY ASSOCIATION, a Nevada Non-Profit Corporation,<br>　　　　Third-Party Plaintiff,<br>　v.<br>RED ROCK FINANCIAL SERVICES, LLC, a foreign limited liability company,<br>　　　　Third-Party Defendant. | |
| NV EAGLES, LLC,<br>　　　　Counterclaimant,<br>　v.<br>GREEN TREE SERVICING LLC,<br>　　　　Counterdefendant. | |
| FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Association,<br>　　　　Intervenor-Plaintiff,<br>　v.<br>NV EAGLES, LLC,<br>　　　　Defendant. | |

Federal Housing Finance Agency ("FHFA") moves to intervene to join this case as a Plaintiff pursuant to this Court's July 25, 2016 order. *See* ECF No. 69. FHFA does not concede that it is a necessary party to this action and respectfully believes that Green Tree, as servicer for Federal National Mortgage Association ("Fannie Mae"), has standing to assert that 12 U.S.C. § 4617(j)(3) (the "Federal Foreclosure Bar") protects the Fannie Mae lien at issue from extinguishment. *See* FHFA's Statement on Servicer Reliance on the Housing and Economic Recovery Act of 2008 in Foreclosures Involving Homeownership Associations, http://www.fhfa.gov/Media/PublicAffairs/PublicAffairsDocuments/Authorized-Enterprise-Servicers-Reliance.pdf.

Nevertheless, pursuant to the Court's order, FHFA, in its capacity as Conservator for Fannie Mae, respectfully moves to intervene and submits its proposed complaint in intervention as an exhibit to this Motion. *See* Ex. A.

DATED this 15th day of August, 2016.

Respectfully submitted,

/s/ Leslie Bryan Hart, Esq.
Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert, Esq. (SBN 11728)
FENNEMORE CRAIG, P.C.
300 E. Second St., Suite 1510
Reno, NV 89501
Tel: (775) 788-2228
lhart@fclaw.com, jtennert@fclaw.com

and

IT IS SO ORDERED:

_____
RICHARD F. BOULWARE, II
United States District Judge

DATED this 9th day of September, 2016.

(*Pro Hac Vice to be Submitted*)
Howard Cayne
Asim Varma
Michael A.F. Johnson
ARNOLD & PORTER LLP
601 Massachusetts Ave., NW
Washington, DC 20001
Tell: (202) 942-5000
howard.cayne@aporter.com
asim.varma@aporter.com
michael.johnson@aporter.com

*Attorneys for Intervenor-Plaintiff Federal Housing Finance Agency*

1

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 15th day of August, 2016, a true and correct copy of the **MOTION TO INTERVENE BY THE FEDERAL HOUSING FINANCE AGENCY,** was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case. If electronic notice is not indicated through the court's e-filing system, then a true and correct <u>paper</u> copy of the foregoing document was delivered via U.S. Mail.

Darren T. Brenner   darren.brenner@akerman.com

David R Koch   dkoch@kochscow.com

Steven B Scow   sscow@kochscow.com

Brody R. Wight   bwight@kochscow.com

Donna M. Wittig   donna.wittig@akerman.com

John Henry Wright   dayana@wrightlawgroupnv.com

                                        /s/   Pamela Carmon
                                    An Employee of Fennemore Craig, P.C.

11922616.1/038236.0001

## **EXHIBIT INDEX**

| DESCRIPTION | EXHIBIT |
|---|---|
| [Proposed] Intervenor Complaint | A |
| | |
| | |
| | |
| | |

# Exhibit A

INTERVENOR COMPLAINT

# Exhibit A

FENNEMORE CRAIG, P.C.
Leslie Bryan Hart, Esq. (SBN 4932)
John D. Tennert III, Esq. (SBN 11728)
300 E. Second St., Suite 1510
Reno, NV 89501
Tel: (775) 788-2228
lhart@fclaw.com, jtennert@fclaw.com

(*Pro Hac Vice to be Submitted*)
Howard Cayne
Asim Varma
Michael A.F. Johnson
ARNOLD & PORTER LLP
601 Massachusetts Ave., NW
Washington, DC  20001
Tel: (202) 942-5000
howard.cayne@aporter.com
asim.varma@aporter.com
michael.johnson@aporter.com

*Attorneys Intervenor-Plaintiff for Federal Housing Finance Agency*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| GREEN TREE SERVICING LLC,<br>　　　　Plaintiff,<br>　v.<br>NV EAGLES, LLC; SHADOW SPRINGS COMMUNITY ASSOCIATION,<br>　　　　Defendants. | CASE NO.: 2:15-cv-00590-RFB-GWF<br><br>**COMPLAINT BY THE FEDERAL HOUSING FINANCE AGENCY** |
| SHADOW SPRINGS COMMUNITY ASSOCIATION, a Nevada Non-Profit Corporation,<br>　　　　Third-Party Plaintiff,<br>　v.<br>RED ROCK FINANCIAL SERVICES, LLC, a foreign limited liability company,<br>　　　　Third-Party Defendant. | |
| NV EAGLES, LLC,<br>　　　　Counterclaimant,<br>　v.<br>GREEN TREE SERVICING LLC,<br>　　　　Counterdefendant. | |
| FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal National Mortgage Association,<br>　　　　Intervenor-Plaintiff,<br>　v.<br>NV EAGLES, LLC,<br>　　　　Defendant. | |

The Federal Housing Finance Agency ("FHFA") in its capacity as Conservator for Fannie Federal National Mortgage Association ("Fannie Mae"), files this Complaint against Defendant NV Eagles, LLC and alleges the following:

**I. INTRODUCTION**

1. This action arises out of the Parties' disputed rights in that certain real property commonly described as 6137 Talbot Springs Court, North Las Vegas, Nevada 89081, APN 124-25-615-051, (the "Property"), encumbered by a Fannie Mae lien.

2. FHFA seeks (1) a declaratory judgment that notwithstanding any contrary Nevada law, federal law prevents foreclosure of a homeowners association ("HOA") lien from extinguishing a Fannie Mae or Conservator lien on a property while Fannie Mae is in FHFA conservatorship, and that therefore the Fannie Mae's lien continued to encumber property at issue notwithstanding the HOA foreclosure sale, and (2) a quiet-title judgment recognizing the continued validity of the Fannie Mae's lien.

3. In July 2008, Congress passed the Housing and Economic Recovery Act of 2008 ("HERA"), Pub. L. No. 110–289, 122 Stat. 2654, *codified at* 12 U.S.C. § 4511 *et seq.* HERA includes an array of broad privileges, immunities, and exemptions from otherwise applicable law that facilitate the Conservator's exercise of its statutory powers. Here, 12 U.S.C. § 4617(j)(3) mandates that while Fannie Mae and Freddie Mac are in conservatorship, none of their property "shall be subject to . . . foreclosure[] . . . without the consent of [FHFA]."

4. A Nevada statute provides HOAs with super-priority liens that HOAs may foreclose to recover up to nine months of delinquent HOA dues. Nev. Rev. Stat. § 116.3116(2). Nevada law allows HOAs to recover only up to six months of delinquent HOA dues where a Fannie Mae lien encumbers the property. *Id.* The Nevada Supreme Court has held that a foreclosure authorized and properly conducted under Nev. Rev. Stat. § 116.3116 can extinguish other interests in the underlying property, including deeds of trust. *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014).

5. The Conservator has not consented to the extinguishment of Fannie Mae's interest in any property that has been the subject of an HOA foreclosure sale.

1

6. NV Eagles is the current record owner of the property at issue that has been the subject of a completed HOA foreclosure sale and is encumbered by Fannie Mae's lien.

7. Because Section 4617(j)(3) preempts Nev. Rev. Stat. § 116.3116, HOA foreclosure sale did not extinguish the Fannie Mae's interests in the subject property, and, therefore, NV Eagles has taken title subject to Fannie Mae's lien. *See, e.g.*, *Skylights LLC v. Byron*, 112 F. Supp. 3d 1145, 1152 (D. Nev. 2015) ("[A] straightforward reading of the statutory language bars the HOA's foreclosure in this case from extinguishing the Deed of Trust without FHFA's consent, regardless of the HOA lien's super-priority under state law."); *id.* at 1159 ("The Court finds that 12 U.S.C. § 4617(j)(3) preempts Nevada Revised Statutes § 116.3116 to the extent that a homeowner association's foreclosure of its super-priority lien cannot extinguish a property interest of Fannie Mae or Freddie Mac while those entities are under FHFA's conservatorship.").

### III.  PARTIES

8. FHFA is an independent federal agency created under HERA on July 30, 2008, as the exclusive federal supervisory regulator of Fannie Mae. HERA authorizes FHFA to place the Fannie Mae into conservatorship and to act as its Conservator.

9. On September 6, 2008, the Director of FHFA placed the Fannie Mae into conservatorship and appointed FHFA as their Conservator. In that capacity, FHFA succeeded to "all rights, titles, powers, and privileges" of Fannie Mae, including but not limited to the authority to bring suits on behalf of Fannie Mae. *See* 12 U.S.C. § 4617(b)(2). FHFA brings this action in its capacity as Conservator of Fannie Mae. The Conservator is located at 400 Seventh Street, S.W., in Washington, District of Columbia.

10. Plaintiff Green Tree Servicing LLC, now known as Ditech Financial LLC ("Green Tree"), is a limited liability company organized under the laws of Delaware and has a principal place of business in Minnesota.

11. Upon information and belief, Defendant NV Eagles, LLC ("NV Eagles") is a Nevada domestic limited-liability company that purchases, leases, and manages residences in Nevada.

## IV. JURISDICTION AND VENUE

12. This action seeks declaratory and injunctive relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, including but not limited to a declaration under Nevada's quiet-title statute, Nev. Rev. Stat. § 40.010.

13. The Court has subject matter jurisdiction over this matter pursuant to at least two statutory provisions:

- 28 U.S.C. § 1332, because FHFA is a "citizen[] of [a] different state[]" than NV Eagles, and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs"; and

- 28 U.S.C. § 1331, because the claims asserted "aris[e] under the Constitution [and] laws . . . of the United States."

14. Venue lies in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391, because NV Eagles is a Nevada domestic limited-liability company, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

15. This Court may assume and exercise in rem jurisdiction over the property at issue here as it is not the subject of Nevada state court litigation.

16. The Court has personal jurisdiction over NV Eagles because this lawsuit arises out of and is connected with NV Eagles' purposeful purchase of interests in property located in Nevada. Moreover, NV Eagles is a Nevada domestic limited-liability company with its principal place of business in the state of Nevada.

## V. FACTUAL ALLEGATIONS

17. On or about November 4, 2004, James H. Urello entered into a mortgage loan transaction (the "Loan") in which he borrowed $224,300.00 from KB Home Mortgage Company ("KB Home"), evidenced by a Note (the "Note") and secured by a Deed of Trust (the "Deed of Trust") encumbering the Property.

18. The Property is subject to a declaration of covenants, conditions, and restrictions for the Shadow Springs Community Association ("Shadow Springs HOA").

19. The Deed of Trust was recorded on November 12, 2004 and showed James H. Urello as the borrower, KB Home as the Lender, and Mortgage Electronic Registration Systems, Inc.

("MERS") as nominee for KB Home and its successors and assigns and as the beneficiary of the Deed of Trust.

20. Fannie Mae purchased the loan for which the Property served as collateral on or about December 1, 2004, and the Deed of Trust for that loan encumbered the Property at the time of the HOA foreclosure sale.

21. On or about May 20, 2010, a Corporation Assignment of Deed of Trust was recorded whereby MERS, as nominee, assigned the Deed of Trust to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP.

22. On or about February 16, 2012, an Assignment of Deed of Trust was recorded as whereby MERS, as nominee, assigned the Subject Deed of Trust to Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP.

23. On or about May 05, 2009, Red Rock Financial Services ("Red Rock"), as agent for Shadow Springs HOA, recorded a notice of lien on the Property for delinquent HOA dues.

24. On or about June 18, 2009, Red Rock, as agent for Shadow Springs HOA, filed a notice of default and election to sell under homeowners' association lien.

25. On or about May 01, 2013, Red Rock, as agent for Shadow Springs HOA, recorded a notice of sale.

26. The HOA foreclosure sale was held on or about May 30, 2013, and Red Rock, as agent for Shadow Springs HOA, sold the Property to Underwood Partners LLC ("Underwood") for $21,000.00.

27. On or about November May 30, 2013, Red Rock, as agent for Shadow Springs HOA, recorded a foreclosure deed that transferred the Property to Underwood.

28. On or about August 22, 2014, Underwood recorded a grant, bargain, sale deed that transferred the Property to NV Eagles.

29. At no time did Shadow Springs HOA, Red Rock, Underwood, NV Eagles, or any other party seek or obtain consent from FHFA to extinguish Fannie Mae's interest in the Property.

4

30. At no time did FHFA consent to extinguishment of Fannie Mae's interest in the Property.

## VI.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
**(Declaratory Relief)**

31. FHFA reasserts and incorporates herein by reference the allegations contained in ¶¶ 1–30 above, as though fully set forth herein.

32. Pursuant to 28 U.S.C. § 2201 and Nev. Rev. Stat. § 40.010, this Court is empowered to declare the rights and legal relations of the parties in this matter, both generally and in relation to the HOA foreclosure sale and the Property.

33. The Deed of Trust was the first secured interest on the Property and Fannie Mae held an interest in the Deed of Trust.

34. FHFA, Conservator of Fannie Mae, is an independent agency of the federal government.  *See* 12 U.S.C. § 4511(a).

35. Upon its appointment, the Conservator succeeded by law to all of Fannie Mae's "rights, titles, powers, and privileges."  *Id.* § 4617(b)(2)(1)(A)(i).

36. During the conservatorship, "[n]o property of [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of [FHFA], nor shall any involuntary lien attach to the property of [FHFA]."  *Id.* § 4617(j)(3).

37. Fannie Mae's liens are property of the Conservator.  *See, e.g.*, *Skylights*, 112 F. Supp. 3d at 1155 ("[T]he property of Fannie Mae effectively becomes the property of FHFA once it assumes the role of conservator, and that property is protected by section 4617(j)'s exemptions."); *Premier One*, 2015 WL 4276169, at *3 ("Fannie Mae has held an interest in the Property since [it purchased the associated mortgage] on December 1, 2006."); *Williston*, 2015 WL 4276144, at *3 ("Freddie Mac has held an interest in the Property since" it purchased the associated mortgage and, therefore, "FHFA held an interest in the Deed of Trust as conservator for Freddie Mac").

5

38. Applying Chapter 116 of the Nevada Revised Statutes or other state law in a manner that would have extinguished Fannie Mae's first position Deed of Trust violates 12 U.S.C. § 4617(j)(3).

39. FHFA did not consent to any purported extinguishment of Fannie Mae's Deed of Trust that encumbered the Property. *See* FHFA's Statement on HOA Super-Priority Lien Foreclosures (Apr. 21, 2015), www.fhfa.gov/Media/PublicAffairs/Pages/Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx.

40. Pursuant to 12 U.S.C. § 4617(j)(3), the HOA foreclosure sale could not extinguish Fannie Mae's first secured interest. FHFA is entitled to a declaration that 12 U.S.C. § 4617(j)(3) preempts any state law that would permit an HOA foreclosure sale to extinguish a first secured interest of Fannie Mae while it is under FHFA's conservatorship.

41. FHFA is entitled to a declaration that the HOA foreclosure sale discussed herein did not affect or extinguish Fannie Mae's Deed of Trust.

42. FHFA has been compelled to retain the undersigned counsel to represent them in this matter and have and will continue to incur attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### (Quiet Title)

43. FHFA reasserts and incorporates herein by reference the allegations contained in ¶¶ 1–42 above, as though fully set forth herein.

44. Pursuant to 28 U.S.C. § 2201 and Nev. Rev. Stat. § 40.010, this Court is empowered to declare the rights and legal relations of the parties in this action, both generally and in relation to the HOA foreclosure sale and the Property.

45. NV Eagles claim interests in the Property through the HOA foreclosure sale and deeds that are adverse to Fannie Mae's interest in the Property.

46. Fannie Mae's interests in the deed of trust that encumbered the Property constitutes interests in real property.

6

47. Fannie Mae's secured interest in the Property is property of the Conservator, and applying Nev. Rev. Stat. 116.3116 *et seq.* or other state law in a manner that extinguishes Fannie Mae's first-position deed of trust would violate 12 U.S.C. § 4617(j)(3).

48. Based on the adverse claims being asserted by the parties, FHFA's entitled to a judicial determination that Fannie Mae's deed of trust continues to encumber the Property after the HOA foreclosure sale.

49. FHFA is entitled to a determination that the HOA foreclosure sale and any subsequent transfers did not convey the Property free and clear to NV Eagles, and thus any interests acquired by NV Eagles through the grant, bargain, sale deed is subject to Fannie Mae's interest in the Property.

50. FHFA has been compelled to retain the undersigned counsel to represent them in this matter and have and will continue to incur attorneys' fees and costs.

**PRAYER FOR RELIEF**

NOW, THEREFORE, FHFA requests a judgment in their favor against Defendant NV Eagles as follows:

1. A declaration that 12 U.S.C. § 4617(j)(3) preempts any Nevada law that would permit an HOA foreclosure sale of a super-priority lien to extinguish the property interests of Fannie Mae while it is under FHFA conservatorship;

2. A declaration that the HOA foreclosure sale did not extinguish Fannie Mae's deed of trust and that it continues as valid encumbrances against the Property;

3. For a declaration that NV Eagles' interest in the Property, if any, is subject to the Fannie Mae's interest;

4. FHFA be awarded attorneys' fees and costs, plus interest accruing thereon, in their favor at the maximum rate allowed by law; and

///
///
///
///

7

5. That the Court award such other and further relief as it may deem appropriate.

DATED this 15th day of August, 2016.

                Respectfully submitted,

                /s/ Leslie Bryan Hart, Esq.
                Leslie Bryan Hart, Esq. (SBN 4932)
                John D. Tennert, Esq. (SBN 11728)
                FENNEMORE CRAIG, P.C.
                300 E. Second St., Suite 1510
                Reno, NV 89501
                Tel: (775) 788-2228
                lhart@fclaw.com, jtennert@fclaw.com

                and

                (*Pro Hac Vice to be Submitted*)
                Howard Cayne
                Asim Varma
                Michael A.F. Johnson
                ARNOLD & PORTER LLP
                601 Massachusetts Ave., NW
                Washington, DC 20001
                Tell: (202) 942-5000
                howard.cayne@aporter.com
                asim.varma@aporter.com
                michael.johnson@aporter.com

                *Attorneys for Federal Housing Finance Agency*