# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREEN TREE SERVICING, LLC., | Case No. 2:15-cv-00590-RFB-EJY |
| Plaintiff(s), | **ORDER** |
| v. | |
| NV EAGLES, LLC <br> SHADOW SPRINGS COMMUNITY ASSOCIATION, | |
| Defendant(s), | |
| and, | |
| FEDERAL HOUSING FINANCE AGENCY, | |
| Intervenor-Plaintiff. | |

## I. INTRODUCTION

Before the Court are Intervenor-Plaintiff Federal Housing Finance Agency's ("FHFA") and Plaintiff Ditech Financial LLC f/k/a Green Tree Servicing LLC's ("Ditech") Motion for Summary Judgment, Plaintiff Green Tree Servicing LLC's Motion for Summary Judgment on Tender, and Defendant Shadow Springs Community Association's Motion for Partial Summary Judgment. ECF Nos. 109, 113, 120. For the following reasons, the Court grants FHFA's motion.

## II. PROCEDURAL BACKGROUND

Ditech filed its second amended complaint, the operative complaint, against Defendants NV Eagles, LLC ("NV Eagles") and Shadow Springs Community Association ("Shadow Springs" or "HOA") on August 17, 2016. ECF No. 74. In its complaint Green Tree asserts the following

causes of action: quiet title as against NV Eagles, declaratory relief as against NV Eagles, negligent misrepresentation as against Shadow Springs, and declaratory relief in favor of Ditech. NV Eagles filed its answer on August 23, 2016. ECF No. 75. The Court granted FHFA's motion to intervene on September 9, 2016, and FHFA filed its intervenor-complaint on September 20, 2016. ECF Nos. 76, 79. On May 22, 2017 this Court stayed the case pending pertinent decisions in the Ninth Circuit Court of Appeals and the Nevada Supreme Court. ECF No. 99. The Court lifted the stay on April 8, 2019. ECF No. 106. FHFA filed its motion for summary judgment. ECF No. 109. FHFA's motion was fully briefed. ECF Nos. 110, 111. Ditech filed its motion for summary judgment on tender on June 27, 2019. ECF No. 113. NV Eagles and Shadow Springs filed their responses in opposition on July 18, 2019. ECF Nos. 121, 122. On July 12, 2019 Shadow Springs filed its motion for partial summary judgment. ECF No. 120. Third-Party Defendant Red Rock Financial Services, LLC joined Shadow Spring's Motion on July 22, 2019. On August 13, 2019, Ditech stipulated with Shadow Springs Community Association to dismiss Ditech's claim of negligent misrepresentation with prejudice. Shadow Springs also stipulated to dismiss its third-party claims against Red Rock Financial Services, LLC, thus mooting Defendant Shadow Spring's motion for summary judgment and terminating both Red Rock Financial Services, LLC and Shadow Spring Community Association's participation in this case.

### III. FACTUAL BACKGROUND

The Court finds the following facts to be undisputed.[1]

### a. Undisputed Facts

---

[1] The Court takes judicial notice of the publicly recorded documents related to the deed of trust and the foreclosure as well as Fannie Mae's Single-Family Servicing Guide. Fed. R. Evid. 201 (b), (d); Berezovsky v. Moniz, 869 F.3d 923, 932–33 (9th Cir. 2017) (judicially noticing the substantially similar Freddie Mac Guide); Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (permitting judicial notice of undisputed matters of public record)

This matter concerns a nonjudicial foreclosure on a property located at 6137 Talbot Springs, North Las Vegas, 89091 (the "property"). The property sits in a community governed by the HOA. The HOA requires its community members to pay HOA dues

James H. Urello borrowed funds from KB Home Mortgage Company to purchase the property in 2004. To obtain the loan, Urello executed a promissory note and a corresponding deed of trust to secure repayment of the note. The deed of trust listed Urello as the borrower, KB Home Mortgage Company as the lender, and Mortgage Electronic Registrations Systems, Inc. ("MERS") as beneficiary. The deed of trust was recorded on November 12, 2004. On May 20, 2010 MERS assigned the deed of trust to BAC Home Loans Servicing LP, fka Countrywide Home Loans Servicing LP. Bank of America, National, Association ("BANA") became the successor through a de jure merger with BAC Home Loans Servicing, LP fka Countrywide Home Loans, Inc., on July 1, 2011. On February 16, 2012, MERS, as nominee for Lender, recorded a second assignment of the deed to BANA. On September 6, 2013, BANA recorded an assignment of the deed of trust to EverBank. On November 26, 2014, an assignment of the deed of trust from EverBank to Ditech was recorded.

Urello fell behind on HOA dues. From May 2009 through June 2013, the HOA, through its agent, recorded a lien for delinquent assessment concerning past-due assessments, followed by a notice of default and election to sale, and a notice of foreclosure sale upon the property. The foreclosure sale occurred on May 30, 2013, when Underwood Partners LLC purchased the property for $21,000.00, according to a foreclosure deed recorded on July 3, 2013. On October 18, 2013, a Bargain Sale deed was recorded that stated that Underwood had conveyed the property to NV Eagles for $10.00.

/ / /

However, the Federal National Mortgage Association ("Fannie Mae") previously purchased the loan and deed of trust in December 2004. While its interest was never recorded under its name, Fannie Mae continued to maintain its ownership of the note and the deed of trust at the time of the foreclosure. BANA was the servicer of the loan for Fannie Mae at the time of the foreclosure sale.

The relationship between Fannie Mae and its servicers, is governed by Fannie Mae's Single-Family Servicing Guide ("the Guide"). The Guide provides that servicers may act as record beneficiaries for deeds of trust owned by Fannie Mae. It also requires that servicers assign the deeds of trust to Fannie Mae on Fannie Mae's demand. The Guide states:

> The servicer ordinarily appears in the land records as the mortgagee to facilitate performance of the servicer's contractual responsibilities, including (but not limited to) the receipt of legal notices that may impact Fannie Mae's lien, such as notices of foreclosure, tax, and other liens. However, Fannie Mae may take any and all action with respect to the mortgage loan it deems necessary to protect its ... ownership of the mortgage loan, including recordation of a mortgage assignment, or its legal equivalent, from the servicer to Fannie Mae or its designee. In the event that Fannie Mae determines it necessary to record such an instrument, the servicer must assist Fannie Mae by [ ] preparing and recording any required documentation, such as mortgage assignments, powers of attorney, or affidavits; and [by] providing recordation information for the affected mortgage loans.

The Guide also allows for a temporary transfer of possession of the note when necessary for servicing activities, including "whenever the servicer, acting in its own name, represents the interests of Fannie Mae in ... legal proceedings." The temporary transfer is automatic and occurs at the commencement of the servicer's representation of Fannie Mae. The Guide also includes a chapter regarding how servicers should manage litigation on behalf of Fannie Mae. But the Guide clarifies that "Fannie Mae is at all times the owner of the mortgage note[.]" Finally, under the Guide, the servicer must "maintain in the individual mortgage loan file all documents and system records that preserve Fannie Mae's ownership interest in the mortgage loan."

Finally, the Guide "permits the servicer that has Fannie Mae's [limited power of attorney] to execute certain types of legal documents on Fannie Mae's behalf." The legal documents include full or partial releases or discharges of a mortgage; requests to a trustee for a full or partial reconveyance or discharge of a deed of trust, modification or extensions of a mortgage or deed of trust; subordination of the lien of a mortgage or deed of trust, conveyances of a property to certain entities; and assignments or endorsements of mortgages, deeds of trust, or promissory notes to certain entities.

In 2008, Congress passed the Housing and Economic Recovery Act ("HERA"), 12 U.S.C. § 4511 *et seq.*, which established the Federal Housing Finance Agency ("FHFA"). HERA gave FHFA the authority to oversee the government-sponsored enterprises Fannie Mae and Freddie Mac (collectively, the "Enterprises"). In accordance with its authority, FHFA placed the Enterprises, including Fannie Mae, under its conservatorship in 2008.Neither FHFA nor Fannie Mae consented to the foreclosure extinguishing Fannie Mae's interest in the property in this matter.

### b. Disputed Facts

The parties dispute the admissibility of the documents FHFA has submitted to support its position and dispute the legal question of whether Fannie Mae had acquired an interest in the property under Nevada law at the time of the foreclosure sale.

### IV. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322(1986).When considering the propriety of summary judgment, the Court views all facts and draws all inferences in the light most favorable to the nonmoving party. Gonzalez v. City of Anaheim, 747 F.3d 789, 793 (9th Cir. 2014). If the movant has carried its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts

…. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). It is improper for the Court to resolve genuine factual disputes or make credibility determinations at the summary judgment stage. Zetwick v. Cty. of Yolo, 850 F.3d 436, 441 (9th Cir. 2017) (citations omitted).

**V.    DISCUSSION**

The Federal Foreclosure Bar, 46 U.S.C. § 4617(j)(3) resolves this matter.[2] The Ninth Circuit has held that the Federal Foreclosure Bar preempts foreclosures conducted under NRS Chapter 116 from extinguishing a federal enterprise's property interest while the enterprise is under FHFA's conservatorship unless FHFA affirmatively consented to the extinguishment of the interest. Berezovksy v. Moniz, 869 F.3d 923, 927–31 (9th Cir. 2017). Under Berezovksy, summary judgment based on the Federal Foreclosure Bar is warranted if the evidence establishes that the enterprise had an interest in the property at the time of the HOA foreclosure sale. Id. at 932– 33. The Court finds that the evidence establishes that Fannie Mae had an interest in the property at the time of the HOA foreclosure sale.

The Court finds that NV Eagles has done no more than raise "metaphysical doubt" as to whether Fannie Mae lawfully acquired the loan. Scott v. Harris, 550 U.S. 372, 380 (2007) (alteration in original) (internal quotation marks omitted). FHFA supports its claim that Fannie Mae acquired the loan in December 2004 with a declaration from an assistant vice president, Graham Babin. ECF No. 109-2. Mr. Babin authenticates a printout from Fannie Mae's Servicer &

---

[2] Because the Court finds that the Federal Foreclosure Bar is dispositive in this case, the Court declines to make any findings of fact or to otherwise address Ditech's argument regarding tender.

Investor Reporting platform ("SIR"). The SIR system shows Fannie Mae acquired the loan on December 1, 2004. The printouts also clearly trace the history of servicers of the loan from BANA to Ditech.

The Ninth Circuit has found that database records are admissible evidence to show that a government-sponsored-enterprise acquired a loan. Berezovsky v. Moniz, 869 F.3d 923, 932 n.8 (9th Cir. 2017); Elmer v. JPMorgan Chase & Co., 707 Fed. Appx. 426, 428 (9th Cir. 2017). Likewise, and most importantly, the Nevada Supreme Court has allowed a federal enterprise under FHFA's conservatorship to prove its property interest with materially identical evidence. Daisy Trust v. Wells Fargo Bank, N.A., 445 P.3d 846 (Nev. 2019). Thus the Court finds that FHFA has submitted admissible evidence of which there is no genuine dispute that shows that Fannie Mae lawfully acquired the loan.

The Court also rejects NV Eagles's contention that because the February 16, 2012 deed of trust assigned the property to BANA, Fannie Mae no longer had an interest in the property. In Berezovsky the Ninth Circuit explicitly found that a government sponsored enterprise raising the federal foreclosure bar need not record its interest because "an 'agency relationship' with the recorded beneficiary preserves the note owner's power to enforce its interest . . . because the note owner can direct the beneficiary to foreclose on its behalf." 869 F.3d at 932. The Court has found that BANA was Fannie Mae's servicer at the time of the HOA foreclosure sale. This means that BANA and Fannie Mae had a principal-agent relationship such that Fannie Mae could direct BANA to foreclose on the loan. Additionally, under the recordation statute in effect at the time that Fannie Mae acquired the loan in 2004, there was no recording requirement for an assignee of a mortgage to enforce its interest. SFR Investments Pool 1, LLC v. Green Tree Servicing, LLC,

/ / /

432 P.3d 718 (Nev. 2018). For these reasons it is therefore immaterial whether Freddie Mac's interest was recorded, as BANA served as Fannie Mae's agent during this time period.

Finally, the Court does not find there to be any evidence in the record that FHFA affirmatively consented to the sale. The Ninth Circuit is clear in its construing of 12 U.S.C. § 4617j(3) that it does not provide for implied consent to foreclosure sales. Berezovsky, 869 F.3d at 929. NV Eagles has submitted no evidence to indicate that FHFA affirmatively consented to the HOA foreclosure.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Intervenor-Plaintiff's FHFA's Motion for Summary Judgment (ECF No. 109) is granted. The Court quiets title and declares that any interest NV Eagles has in the property is subject to Fannie Mae's Deed of Trust

**IT IS FURTHER ORDERED** that Plaintiff Green Tree Servicing LLC (Ditech)'s Motion for Summary Judgment on tender (ECF No. 113), and Defendant Shadow Springs Community Association's Motion for Partial Summary Judgment (ECF No. 120) are denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Green Tree Servicing LLC (Ditech's) lis pendens (ECF No. 3) is expunged.

The Clerk of the Court is instructed to close the case.

DATED: November 12, 2019.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**